**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NORVERGENCE, INC., | Bankruptcy No. 04-32079 (RG) |
| | Adv. Proc. No. 05-2439 (RG) |
| Debtor. | |
| | |
| WANLAND & ASSOCIATES, INC., | CIVIL ACTION NO. 08-1910 (MLC) |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| NORTEL NETWORKS LIMITED, et al., | |
| Defendants. | |

**COOPER, District Judge**

This matter comes before the Court on motion for leave to appeal by defendant Qwest Communications International, Inc. ("Qwest") from an interlocutory order of the United States Bankruptcy Court, District of New Jersey ("Bankruptcy Court"). For the reasons stated herein, the Court will deny the motion.

BACKGROUND

Wanland & Associates, Inc. ("plaintiff") brought an action against Qwest, Nortel Networks Limited, Nortel Networks Inc., Thomas N. Salzano, Alexander L. Wolf, and Robert J. Fine asserting, <u>inter</u> <u>alia</u>, (1) violation of the New Jersey Consumer Fraud Act, (2) negligent misrepresentation, and (3) unjust enrichment.  See Civ. Action No. 05-1191 (MLC), dkt. entry no. 5, Am. Compl. at 14-17.  This Court referred the action to the

Bankruptcy Court, noting that the action was related to In re NorVergence, Bankr. D.N.J. Case No. 04-32079 (RG). See id., dkt. entry no. 41, 3-17-06 Order. Qwest then moved to dismiss the amended complaint for failure to state a claim. See Adv. Proc. No. 05-2439 (RG), dkt. entry no. 25, Mot. to Dismiss. The Bankruptcy Court, after a hearing on September 13, 2006, issued an order on March 24, 2008 denying Qwest's motion ("3-24-08 Order"). See id., dkt. entry no. 61, 3-24-08 Order.

Qwest now seeks leave to appeal from the 3-24-08 Order. (Dkt. entry no. 1, Mot. for Leave to Appeal.) Qwest argues that the Court should allow an interlocutory appeal because the Bankruptcy Court erred in (1) misapplying the pleading standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and (2) imposing a legal duty on Qwest "to prevent the unauthorized and fraudulent misuse of Qwest's trademarks." (Dkt. entry no. 1, Qwest Br. at 1, 16-17.) Plaintiff argues that Qwest fails to satisfy the test for an interlocutory appeal from a bankruptcy court order. (Dkt. entry no. 4, Pl. Br. at 5-8.)

**DISCUSSION**

**I.  Legal Standards for Interlocutory Appeal from a Bankruptcy Court Order**

An order denying a motion to dismiss generally is not immediately appealable. See Orion Power Midwest, L.P. v. Am. Coal Sales Co., No. 05-555, 2007 WL 4462733, at *2 (W.D. Pa. Dec. 19, 2007). A district court has jurisdiction to hear an

interlocutory appeal from a bankruptcy court order. 28 U.S.C. § 158(a). 28 U.S.C. § ("Section") 158(a) provides, in relevant part, that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." Id. Section 158(a), however, does not identify the standard a district court should use to determine when to grant an interlocutory appeal. See id.; see also FV-1, Inc. v. Kenneth Ingram (In re Kenneth Ingram, Inc.), No. 05-5177, 2006 WL 902158, at *2 (D.N.J. Apr. 4, 2006); Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 156 (D.N.J. 2005). This Court will apply the approach set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from a district court to a court of appeals. Truong v. Kartzman, No. 06-3286, 2007 WL 1816048, at *2 (D.N.J. June 22, 2007); Baron & Budd, 321 B.R. at 156; Bertoli v. D'Avella (In re Bertoli), 58 B.R. 992, 995 (D.N.J. 1986), aff'd, 812 F.2d 136 (3d Cir. 1987).

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Thus, to merit a Section 1292(b) certification, the movant must show that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974); Truong, 2007 WL 1816048, at *2; In re Bertoli, 58 B.R. at 995.  The decision to grant certification is within the district court's discretion, even if all three criteria are present.  Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).  Section 1292(b) certification should be allowed rarely since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation."  Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996) (quotation and citation omitted); see also Truong, 2007 WL 1816048, at *2.  The party seeking an interlocutory appeal must show that the Section 1292(b) criteria are met.  See Patrick v. Dell Fin. Servs., 366 B.R. 378, 385 (M.D. Pa. 2007).  In addition to satisfying the Section 1292(b) criteria, a party seeking interlocutory appeal from a bankruptcy court order must also show "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment."  Truong, 2007 WL 1816048, at *2 (quotation and citation omitted); see also Patrick, 366 B.R. at 387 n.6; Bowie Produce Co., Inc. v. Magic

Am. Café, Inc. (In re Magic Rests., Inc.), 202 B.R. 24, 26 (D. Del. 1996).

### A.    Controlling Question of Law

A controlling question of law, for Section 1292(b) purposes, is "every order which, if erroneous, would be reversible error on final appeal." Katz, 496 F.2d at 755; see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J. 2001).  It is not required that reversal of the order terminate the litigation or that the order be on the claim's merits.  Katz, 496 F.2d at 755.  "Controlling" means "serious to the conduct of the litigation, either practically or legally."  Id.  From the practical standpoint, saving the district court's time and the litigants' expenses is "a highly relevant factor."  Id.

### B.    Substantial Ground for Difference of Opinion

A difference of opinion, the second Section 1292(b) factor, "must arise out of genuine doubt as to the correct legal standard."  P. Schoenfeld Asset Mgmt., 161 F.Supp.2d at 360; Kapossy, 942 F.Supp. at 1001.  The movant's mere disagreement with the district court's ruling is not a substantial ground for difference of opinion for Section 1292(b) purposes.  Kapossy, 942 F.Supp. at 1001; Hulmes v. Honda Motor Co., Ltd., 936 F.Supp. 195, 208 (D.N.J. 1996), aff'd, 141 F.3d 1154 (3d Cir. 1998). Generally, "[i]ssues of fact are not an appropriate basis for an interlocutory appeal."  Truong, 2007 WL 1816048, at *3; see

Christy v. Pa. Tpk. Comm'n, 912 F.Supp. 148, 148-49 (E.D. Pa. 1996).

### C. Materially Advance Termination of Litigation

A Section 1292(b) certification materially advances the litigation's ultimate termination where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive. L.R. v. Manheim Twp. Sch. Dist., 540 F.Supp.2d 603, 613 (E.D. Pa. 2008). A critical factor is whether the interlocutory appeal will cause excessive delay. See Hulmes, 936 F.Supp. at 212 (noting that "[d]elay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial" (quotation and citation omitted)).

## II. Application of Legal Standards

Qwest asks this Court to allow an interlocutory appeal from the Bankruptcy Court's 3-24-08 Order denying Qwest's Motion to Dismiss. (Qwest Br. at 1.) Qwest asserts that it meets the Section 1292(b) standard for an interlocutory appeal. (Id. at 16-17.) This Court, however, finds that Qwest failed to satisfy the Section 1292(b) criteria, and thus, an interlocutory appeal is inappropriate.

### A. Controlling Question of Law

Qwest did not identify a controlling question of law for this Court's review. Instead, Qwest disputes the Bankruptcy

Court's application of Twombly to the amended complaint. (Id. at 16-18.) Misapplication of the law to the facts is not a question of law. See Hulmes, 936 F.Supp. at 208 (noting a controlling question of law must be "a question 'of law'"); see also Katz, 496 F.2d at 754 (requiring identification of a "controlling question of law" for a Section 1292(b) certification).

### B. Substantial Ground for Difference of Opinion

Qwest also has not identified anything that leads this Court to believe that there is substantial ground for a difference of opinion as to the applicable legal standard. See In re Kenneth Ingram, Inc., 2006 WL 902158, at *2 (declining to allow interlocutory appeal where movant failed to provide any cases or other authority demonstrating a difference of opinion on the applicable legal standard). There is no genuine doubt as to the correct legal standard here; it is uncontested that Twombly applies. (See Qwest Br. at 16-17; Pl. Br. at 6-8.) See Truong, 2007 WL 1816048, at *3 (stating that "grounds for a difference of opinion must arise out of genuine doubt as to the correct legal standard"). Qwest merely disagrees with the conclusions reached by the Bankruptcy Court in applying Twombly, which is insufficient to establish grounds for a difference of opinion. See Truong, 2007 WL 1816048, at *3.

### C.     Materially Advance Termination of Litigation

Qwest fails to demonstrate that an interlocutory appeal will materially advance termination of this litigation.  An interlocutory appeal would only materially advance the ultimate termination of litigation if the Bankruptcy Court is reversed.  See Hulmes, 936 F.Supp. at 208.  If the Bankruptcy Court correctly denied Qwest's Motion to Dismiss, then an interlocutory appeal would substantially delay litigation.  See Truong, 2007 WL 1816048, at *3.  Further, Qwest has not identified any exceptional circumstances making this action different than a typical action, which also consumes the litigants' time and resources.  See In re Magic Rests., Inc., 202 B.R. at 26 (denying motion for leave to appeal where moving party did "not sufficiently establish[] an urgency that set[] this case apart from the typical case").  Because Qwest has not satisfied the three Section 1292(b) criteria, this Court will not allow an interlocutory appeal from the Bankruptcy Court's 3-24-08 Order.

### CONCLUSION

The Court, for the reasons stated supra, will deny the motion.  The Court will issue an appropriate order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:     December 5, 2008